## Case No. 11,819.

### RIDGWAY TP. v. GRISWOLD et al.

[1 McCrary, 151.] [1]

Circuit Court, D. Kansas. June, 1878.

RAILROAD COMPANIES — CONSOLIDATION — EFFECT OF—STOCKHOLDER IN OLD COMPANY—EQUITY—INJUNCTION.

1. The usual effect of the consolidation of two railway companies is to extinguish the two constituent companies and make of them one new company. Clearwater v. Meredith, 1 Wall. [68 U. S.] 25; Tomlinson v. Branch, 15 Wall. [82 U. S.] 460.

2. A stockholder in one of the original constituent corporations becomes, upon the consolidation being perfected, a stockholder in the new company, and the new company, unless otherwise provided, succeeds to the duties as well as to the rights of the old. A bill brought by a stockholder after the consolidation, upon the theory that he is a stockholder in the old company. Held, not to be maintainable.

On motion to dissolve injunction.

The bill in this case is filed by the plaintiff, in its capacity and right as a stockholder in the Lawrence and Carbondale Railroad Company—hereafter called the Carbondale Company.

The defendants, W. D. Griswold, Carr & Deming, claim the property heretofore belonging to that company and the St. Louis, Lawrence and Denver Railroad Company, under two mortgage foreclosures, one in this court on a first mortgage and one in the state court under a second mortgage. Neither of these railway companies is a defendant. The plaintiff subscribed $25,000 to the stock of the Carbondale Company, on condition that the company should build and complete its road to or near Carbondale and maintain a permanent station in or near that place, in the plaintiff township. Bonds were issued by the plaintiff to pay for the stock thus subscribed, and these have been negotiated and sold. On the twenty-eighth day of June, 1872, the two companies above named, under the authority of the statutes of Kansas, with the recited assent of two-thirds of their stockholders, made an agreement to consolidate the two companies and the capital stock thereof, and approving of the contract with one McMillan for the construction of the road. This was after the plaintiff's subscription of $25,000 to the Carbondale Company, one of the constituents of the consolidated company. The consolidated company made the two mortgages of its property, including the property of the Carbondale Company, and these mortgages were foreclosed and the property sold under the decrees to the defendants above named. The mortgages did not embrace the "franchises" of the company, but included all its property. Owing to the construction of other roads and to other causes, the consolidated company became hopelessly insolvent, and the receiver appointed to operate the road pendente lite

1 [Reported by Hon. Geo. W. McCrary. Circuit Judge, and here reprinted by permission.]

could not earn enough to pay the expenses of operating the same. The present defendants do not operate it, and make an uncontested showing that it will not pay to operate the road, and that the property is valueless as a railroad. This fact is not disputed; at least has not been. And these defendants (the purchasers at the foreclosure sale) say that they do not intend to organize a new company to operate the road, and they make a showing that the only value of the property consists in the removable materials, chiefly the old iron rails. The defendants were proceeding to remove this iron, etc., whereupon the plaintiff township filed the present bill, the main prayer of which is that the defendants be enjoined from interfering with the superstructure of the road, the road-bed, etc., and from removing the iron, ties, etc., and for general relief.

Mr. Bradford, with whom Mr. Martin, for plaintiff.

Mr. Usher, for defendants.

Before DILLON, Circuit Judge, and FOSTER, District Judge.

DILLON, Circuit Judge. On the argument at the bar, the learned counsel for the plaintiff township conceded that this bill was brought upon the theory that no legal consolidation of the two companies had been effected; that therefore the Carbondale Company (in which the plaintiff originally took stock and with which it made its contract in respect to building and operating its road) is still in esse, and the plaintiff still a stockholder therein; that the mortgage executed by the consolidated company, so far as it embraced the line or property of the Carbondale Company, was void, and the decrees of foreclosure and the sales thereunder to the defendants conferred no title to the property of the Carbondale Company. Therefore, the plaintiff claims, the Carbondale Company is and always has been a distinct corporation; that consequently the plaintiff is an existing stockholder therein; that the defendants have no title or right to the property they purchased at the foreclosure sales, and hence the plaintiff as a stockholder, and by virtue of the company's agreement when obtaining the subscription, has a right to have the defendants restrained from interfering with the property of the Carbondale Company or removing the ties, iron, etc., belonging to that company, since the company (as alleged) refuses to act or to bring this suit. I have carefully examined all the record evidence in the case, and it has convinced me that the plaintiff is mistaken in supposing that no consolidation was effected, or that the mortgages were void, or that nothing passed by the foreclosure decrees and sales; and therefore the basis of the bill, as framed, as well as the theory on which it was attempted to be supported in argument, has wholly failed.

The supreme court of the United States has

decided what is the effect of consolidation of two railway companies. It extinguishes, unless otherwise provided, the two constituent companies and makes of them one new company. Clearwater v. Meredith, 1 Wall. [68 U. S.] 25; Tomlinson v. Branch, 15 Wall. [82 U. S.] 460. The plaintiff township, upon such consolidation being perfected, would become a stockholder in the new company, and the new company would, unless otherwise provided, succeed to the duties as well as the rights of the constituent companies. The plaintiff's bill, brought upon the theory that it is a stockholder in the old company, is, as it stands, wholly defective. And as a stockholder's bill it is also fatally defective in not making the railroad company in which the plaintiff alleges itself a stockholder, a party defendant. Davenport v. Dows, 18 Wall. [85 U. S.] 626. If the plaintiff township claims that the defendants, as the purchasers of the property at the foreclosure sale, are bound to operate the railroad; or if not, that they have no right to remove the property they purchased, even if they acquired a title thereto by virtue of the foreclosure proceedings, the bill as it stands is not adapted to present these questions even if a court of equity is the proper tribunal in which mainly to litigate them or either of them. As the statute of Kansas authorized the making of the mortgages on the property of the company; as the mortgages did not embrace the "franchises;" as it appears that the defendants do not intend to organize a new company and acquire the right to operate the road, and that the road if operated cannot be made to pay the expenses of operating it, I confess I do not see how the state or the plaintiff can compel the defendants to operate it; and if they cannot thus be compelled, I do not now see why they should be restrained from removing the iron rails and ties, if they are worth more to them if removed, than if left to rust and rot in the road-bed. But these questions have not been deliberately considered by me, and they will be left open in case the present bill is amended or a new bill or a new proceeding be brought. In any view, the plaintiff's rights are so doubtful, especially on the bill as it stands, that my opinion is that the injunction should be dissolved. It seems to be a hard case for the township; but probably it is no more so than it has proved to the other stockholders; and it would appear that the bondholders, whose money mainly built the road, have suffered from an enterprise, which, if not misconceived, has wholly collapsed.

If Judge FOSTER, who sat at the argument, concurs in the foregoing, let an order be made dissolving the injunction. If he does not concur, the motion may stand for further argument at the next term.

FOSTER, District Judge. I concur in the order dissolving the injunction.

Injunction dissolved.